# UNITED STATES DISTRICT COURT
# FOR EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**MAG Automotive LLC**, a Delaware limited liability company,

      Plaintiff,

v.

**Gadra Enterprises, Inc.**, a Canadian corporation,

      Defendant.

Case No. 2:16-cv-12049
Honorable
Magistrate Judge

---

HOWARD & HOWARD ATTORNEYS PLLC
By:    Jeffrey A. Sadowski (P28163)
        Jonathan F. Karmo (P76768)
Attorneys for Plaintiff
450 West Fourth Street
Royal Oak, Michigan 48067-2557
Phone: (248) 645-1483 | Fax: (248) 723-1568
Email: JSadowski@HowardandHoward.com
       JKarmo@HowardandHoward.com

---

## COMPLAINT

Plaintiff, MAG Automotive LLC, by and through its attorneys, Howard & Howard Attorneys PLLC, and for its Complaint against Defendant Gadra Enterprises, Inc., states as follows:

## PARTIES AND JURISDICTION

1.    Plaintiff MAG Automotive LLC ("Plaintiff" or "MAG Automotive") is a Delaware limited liability company with its principal place of business located at 6015 Center Drive, Sterling Heights, Michigan, 48312.

2.     Upon information and belief, Defendant, Gadra Enterprises, Inc. ("Defendant" or "Gadra"), is a Canadian company with its principal place of business located at 345 Airport Road, Niagara On The Lake, Ontario, L0S 1J0 Canada, with an office in the United States located at Unit 548, 3909 Witmer Road, Niagara Falls, New York, 14305.

3.     MAG Automotive brings this action to secure preliminary and permanent injunctive relief, costs and attorneys fees, and other relief pursuant to Fed. R. Civ. P. 65 and Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116 and 1117, against Defendant for unfair competition, including false designation of origin, or false description or representation in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), Michigan common law, and Michigan's Consumer Protection Act.

4.     This Court has jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and pendent jurisdiction, as MAG Automotive brings claims under and pursuant to the Federal Lanham Act, 15 USC §§ 1051, *et seq*.

5.     This Court also has jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are diverse and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

6. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because a substantial part of the events occurred in this District, because substantial sales and deliveries of infringing parts have occurred in this District, and because Defendant is subject to personal jurisdiction in this District. Specifically, Defendant has sold and delivered substantial infringing parts to General Motors, among others, in Warren, Michigan and throughout the Detroit metropolitan area.

## MAG AUTOMOTIVE'S TRADEMARK PARTS NUMBERING SYSTEM

7. MAG Automotive restates the allegations contained in the preceding paragraphs as if fully set forth herein.

8. MAG Automotive is a full scale supplier offering machine tools, manufacturing systems, and services including turning, milling, honing, systems integration, automation, software, maintenance, retrofit, e-Learning, and core components for machine tools.

9. MAG Automotive is the owner of a common law trademark parts numbering system.

10. In the course of its business, MAG Automotive causes the genuine products it manufactures and that it is affiliated with to be recognized with a specific and unique combination of numbers.

11. Different MAG genuine products are associated with particular, distinct and creative combinations of numbers.

12. The numbering of specific parts is important because it ensures the buyer that it is ordering and receiving the correct genuine parts.

13. Moreover, if a part needs to be replaced, the buyer simply asks for a genuine replacement part using the unique part number provided by MAG Automotive for the part.

14. MAG Automotive's unique part numbers are always preceded by one of three letters: "X," "T," or "A."

15. The letters preceding the numbers represent the origin of the genuine product, i.e. the MAG Automotive plant from which a particular genuine product originates. "X" means the genuine product comes from MAG Automotive's Excello plant; "T" means the genuine product comes from MAG Automotive's North American product line; and "A" means the genuine product comes from MAG Automotive's German Cross Hueller group.

16. For example, certain genuine ball screws produced by MAG Automotive bear the trademark parts numbers A.1088.5000, A.1077.9939, A.1004.1042, A.1004.1041, and A.0158.8508, as set forth in **Exhibit A**.

17. MAG Automotive's parts numbering system is a distinguishing identifier of the source of its genuine products.

4

18. MAG Automotive's buyers have relied on MAG Automotive's parts numbering system when buying genuine products from MAG Automotive.

19. MAG Automotive's parts numbering system identifies the source of the genuine product in the minds of consumers and that MAG Automotive is the source, sponsor, or approver of those genuine products identified, or is the company affiliated, associated or connected with those genuine products.

20. In other words, MAG Automotive's parts numbering system functions as a source identifier for MAG Automotive's genuine products, and the primary significance of the parts numbers in the minds of consumers is the source of the genuine products – MAG Automotive.

21. Through use and reputation, MAG Automotive's parts numbering system has acquired secondary meaning in that consumers perceive genuine products identified with MAG Automotive's parts numbers to be affiliated with or authorized by MAG Automotive.

22. MAG Automotive warrants the quality of the genuine products it manufactures and to which it applies each parts number. As such, customers return products to MAG Automotive if a claim or defect is associated with a product bearing the MAG Automotive part number. In this case, parts manufactured by Defendant Gadra are being returned to MAG Automotive as a warranty claim even though MAG Automotive has no affiliation with the products.

23. MAG Automotive highly values its intellectual property rights and protects them from unauthorized unfair competition, palming off and infringement.

24. MAG Automotive has continuously used its common law trademark numbering system, in interstate commerce, in conjunction with the sale of its genuine products.

25. MAG Automotive's use of its common law trademark numbering system has been exclusive and MAG Automotive takes steps to ensure that its parts numbers are not used by others.

26. The MAG Automotive parts numbering system is distinctive in nature, and invented and conceived to certify that designated genuine products originate from MAG Automotive.

27. MAG Automotive has inestimable goodwill and recognition of the MAG Automotive parts numbering system.

## THE USE OF MAG AUTOMOTIVE'S COMMON LAW TRADEMARK PARTS NUMBERING SYSTEM

28. MAG Automotive restates the allegations contained in the preceding paragraphs as if fully set forth herein.

29. Upon information and belief, Defendant provides products to the automotive, military, aerospace, oil, and construction industries.

30. Defendant advertises on its website that it provides parts for the following machine tool manufacturers: Huller Hille, Cross Huller, MAG, Ex-CELL-O, EMAG, KUKA, GSA, Ruckle, FTW, ktc, and Ott Jakob Gmbh.

31. Defendant sells parts for MAG Automotive products, and MAG Automotive has learned that Defendant is using MAG Automotive's common law trademark parts numbering system to offer and sell Defendant's products.

32. Defendant also sells brand new products under MAG Automotive part numbers even though Defendant is not associated with or authorized by MAG Automotive.

33. MAG Automotive has received multiple warranty claims for products sold by Defendant which were identified using MAG Automotive's parts numbering system but manufactured and sold by Defendant or some other third party.

34. Upon information and belief, Defendant provides products to General Motors and others, including certain ball screws similar to the ball screws available for sale from MAG Automotive.

35. Defendant offers and sells ball screws using MAG Automotive's trademark parts numbers as the "Part No."

36. Defendant's website also lists for sale brand new ball screws purportedly manufactured by MAG Automotive and using MAG Automotive's

7

part numbers, and searchable on Defendant's website under MAG Automotive, its trademark parts numbers, or affiliated companies of MAG Automotive. **Exhibit C**.

37. MAG Automotive is aware that Defendant shipped "Part No.: A.1088.5000 Mannesmann Ballscrew Y Axis" to General Motors' Warren, Michigan facility, located at 30001 Van Dyke Ave, Warren, Michigan, on at least one occasion. See **Exhibit B**.

38. Defendant has also advertised for sale on its website ball screw products using the following MAG Automotive parts numbers: 11704.37741, A.1088.5000, A. 1004.1042, A.1004.1655, A.1077.9939, and A.1004.1656. See **Exhibit C**.

39. Defendant's use of the above parts numbers is identical to MAG Automotive's trademark parts numbers for MAG Automotive's genuine ball screw products.

40. Consumers perceive the above parts numbers as ball screw products affiliated with, approved by, authorized by, or sourced by MAG Automotive.

41. Defendant has sold and holds out for sale on its website a substantial amount of products to General Motors and others using MAG Automotive's parts numbering system and representing the products to be genuine products associated with MAG Automotive.

42. As a result of Defendant's use of MAG Automotive's parts numbering system, MAG Automotive has received many warranty claims for products that were manufactured and sold by Defendant and which have no affiliation with MAG Automotive but for Defendant's use of MAG Automotive's parts numbering system.

43. Instead, upon information and belief, these products were manufactured and sold exclusively by Defendant.

44. Brian Prina, MAG Automotive's President, has notified Defendant of MAG Automotive's claims set forth here via a letter to Defendant informing Defendant that it is infringing on MAG Automotive's trademark parts numbering system. **Exhibit D**.

45. MAG Automotive demanded that Defendant cease and desist all use of the MAG Automotive trademark parts numbering system on any and all products and related materials.

46. Defendant continues to offer and sell products and related materials using MAG Automotive's common law trademark parts numbering system, without authorization.

47. Defendant does not inform buyers that its products are not manufactured by or affiliated with MAG Automotive.

48. Nor does Defendant inform buyers that its products using identical parts numbers as MAG Automotive's products are not authorized.

49. In fact, to the contrary, Defendant advertises and purports to sell "new" parts using MAG Automotive's part numbers.

50. Thus, the buyers are confused and believe that Defendant's products are affiliated with, authorized by, and/or sourced by MAG Automotive when, in fact, that is untrue.

51. Defendant's infringing use of MAG Automotive's common law trademark parts numbering system is intentional.

## COUNT I – UNFAIR COMPETITION
## IN VIOLATION OF SECTION 43(A) OF THE LANHAM ACT

52. MAG Automotive restates the allegations contained in the preceding paragraphs as if fully set forth herein.

53. Defendant's use in commerce of MAG Automotive's trademark parts numbering system in connection with its products constitutes use of words, terms, names and symbols and combinations thereof, and of false and misleading descriptions of fact, false designation of certification, and false and misleading representations of affiliation, certification and fact that:

54. Are likely to cause confusion, to cause mistake, or to deceive the public as to the affiliation, connection, or association of Defendant with MAG

Automotive and/or as to the origin, sponsorship, approval or certification of Defendant's products; and

55. In commercial advertising and promotion, misrepresents the nature, qualities, characteristics, and geographic origin of Defendant's commercial activities.

56. Defendant's actions induce consumers to believe that Defendant's products are manufactured, sold by, or otherwise associated with or authorized by MAG Automotive because they use MAG Automotive's common law trademark parts numbering system.

57. Defendant has intentionally passed off its products as genuine MAG Automotive's products by using MAG Automotive's trademark parts numbering system.

58. Defendant's use of MAG Automotive's trademark parts numbering system is meant to defraud and confuse buyers of Defendant's products.

59. There is a likelihood of confusion of buyers as a result of Defendant passing off its products as MAG Automotive's products through the use of MAG Automotive's trademark parts numbering system.

60. Therefore, Defendant's conduct violates Section 43(a)(1) and 43(a)(2) of the Lanham Act, 15 U.S.C. §§ 1125(a)(1)(A) and 1125(a)(1)(B).

## COUNT II – TRADEMARK INFRINGEMENT, UNFAIR BUSINESS PRACTICES, AND UNFAIR COMPETITION IN VIOLATION OF MICHIGAN LAW

61. MAG Automotive restates the allegations contained in the preceding paragraphs as if fully set forth herein.

62. Defendant's conduct, described above, constitutes trademark infringement, unfair competition, and deceptive business practices in violation of common law and the statutes of the State of Michigan and Michigan's Consumer Protection Laws.

63. Defendant's unauthorized use of MAG Automotive's common law trademark parts numbering system is likely to cause confusion, mistake, and deception as to the affiliation of Defendant's products with MAG Automotive or genuine MAG Automotive products.

64. As a result of Defendant's wrongful conduct, MAG Automotive is deprived of, among other things, the right to control the reputation and good will associated with the MAG Automotive common law trademark parts numbering system.

65. Defendant's wrongful acts of infringement in violation of Michigan law are malicious, willful and deliberate.

## COUNT III – DECLARATORY JUDGMENT

66. MAG Automotive restates the allegations contained in the preceding paragraphs as if fully set forth herein.

67. Defendant is not authorized to utilize the MAG Automotive common law trademark parts numbering system in connection with its business, products, or advertising.

68. MAG Automotive seeks a declaration that Defendant's continued use of the MAG Automotive common law trademark parts numbering system violates MAG Automotive's rights in its trademarks.

69. This declaratory relief sought involves a real, imminent, and live controversy.

70. MAG Automotive's rights should be declared on an expedited basis and it should be declared that Defendant has no rights whatsoever to use MAG Automotive's trademark parts numbering system.

## IMMEDIATE AND IRREPARABLE INJURY

71. MAG Automotive restates the allegations contained in the preceding paragraphs as if fully set forth herein.

72. Defendant's conduct described herein has caused and will continue to cause MAG Automotive to suffer immediate and irreparable injury and damage. This irreparable injury is actual and imminent and includes and arises from a

likelihood of confusion, mistake, and deception of the public as to the origin of the products offered by Defendant.

73. The confusion, mistake and deception that has arisen and will continue to arise from Defendant's unauthorized use of the MAG Automotive trademark parts numbering system threatens to erode and injure the goodwill inuring to MAG Automotive because MAG Automotive has no control over the nature and quality of Defendant's products being associated with MAG Automotive's trademark parts numbering system.

74. MAG Automotive is currently unable to ascertain the full extent of the monetary damages it has suffered as a result of the unlawful conduct of Defendant, and such damages will, in any event, be inadequate to compensate MAG Automotive for the injury it will suffer from Defendant's conduct.

75. Further immediate and irreparable injury and damage will result from the continued conduct of Defendant. MAG Automotive likely will not be able to ascertain the amount of compensation, if any, that could afford adequate relief for such continuing acts, and numerous judicial proceedings would be required. MAG Automotive therefore has no adequate remedy at law to compensate for its injury and damage resulting from Defendant's continued use of the MAG Automotive common law trademark numbering system.

## PRAYER FOR RELIEF

**WHEREFORE**, MAG Automotive prays:

A. That Defendant and all persons acting in concert with Defendant or purporting to act on behalf of or in active concert or in participation with Defendant, including but not limited to agents, servants, employees, successors and assigns, be preliminarily enjoined and permanently enjoined from: (1) using, directly or indirectly, MAG Automotive's common law trademark parts numbering system; (2) using any other designation which is the same or confusingly similar to MAG Automotive's parts numbering system or that is likely to create the impression that Defendant's products are associated with, authorized by, endorsed by, sponsored by or certified by MAG Automotive; (3) advertising or representing directly or indirectly that it has any right to utilize MAG Automotive's common law trademark parts numbering system or has the support of MAG Automotive to do so; (4) engaging in unfair competition, infringing or misappropriating MAG Automotive's common law trademark parts numbering system; (5) holding out for sale "new" products using MAG Automotive's parts numbering system and referring to MAG Automotive as the manufacturer of products sold by Defendant; (6) and granting all other

relief that may be appropriate including permanent continuing relief for those items requested below.

B. That an Order for Show Cause be issued ordering Defendant to show cause as to why it should not be immediately enjoined from/to: (1) utilizing any advertising or promotional material referencing MAG Automotive's common law trademark parts numbering system; using MAG Automotive's common law trademark numbering system in connection with its business or operations; (2) using MAG Automotive's common law trademark parts numbering system in connection with offering products; utilizing any other designation which is confusingly similar to MAG Automotive's common law trademark parts numbering system or that is likely to create the impression that Defendant's products are associated with MAG Automotive or are endorsed, authorized, sponsored or certified by MAG Automotive; (3) advertising or representing, directly or indirectly, that Defendant has the right to utilize MAG Automotive's common law trademark parts numbering system; (4) engaging in unfair competition by infringing or misappropriating MAG Automotive's common law trademark parts numbering system; (5) destroying any evidence of the infringement of MAG Automotive's

common law trademark parts numbering system, unfair competition with MAG Automotive, or the profits or other benefits resulting from such conduct; and (6) setting a hearing on a Motion for Preliminary Injunction until a trial on the merits.

C. That this Court declare that Defendant has no right to utilize MAG Automotive's common law trademark parts numbering system or to advertise for sale any products associated with MAG Automotive;

D. That MAG Automotive be afforded such other relief as it is entitled pursuant to 15 U.S.C. § 1116;

E. That MAG Automotive recover compensatory damages arising out of Defendant's infringement and unfair competition, and that said award of compensatory damages be trebled pursuant to 15 U.S.C. §1117(a);

F. That Defendant be ordered to make an accounting, including but not limited to an accounting by Defendant of all profits derived from utilizing MAG Automotive's common law trademark parts numbering system, and that MAG Automotive be awarded Defendant's profits as a consequence of the acts of infringement and a trebling of said profits pursuant to 15 U.S.C. §1117(a).

G.     That MAG Automotive has such other relief as this Honorable Court determines is appropriate, and/or that the interest of justice may require.

## JURY DEMAND

Plaintiff demands a jury on all issues so triable.

Respectfully submitted,

HOWARD & HOWARD ATTORNEYS PLLC

Dated: June 6, 2016

By: /s/ Jeffrey A. Sadowski
Jeffrey A. Sadowski (P28163)
Jonathan F. Karmo (P76768)
Attorneys for Plaintiff
450 West Fourth Street
Royal Oak, Michigan 48067-2557
Phone: (248) 645-1483 | Fax: (248) 723-1568
Email: JSadowski@HowardandHoward.com
JKarmo@HowardandHoward.com

# INDEX OF EXHIBITS

**Exhibit A**
   MAG Automotive's Parts Numbers...................................................................................4

**Exhibit B**
   Defendant's Use of MAG Automotive's Parts Numbers in Products
      Shipped to GM ............................................................................................................8

**Exhibit C**
   Defendant's Website Holding Out Products for Sale Using MAG
      Automotive's Part Numbers........................................................................................8

**Exhibit D**
   Brian Prina Letter to Defendant ...............................................................................9

4825-2509-8289, v. 1